IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN DeMARINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-2457 |
| SKY CHEFS, INC. d/b/a LSG SKY CHEFS | : | |
| and | : | |
| LSG LUFTHANSA SERVICE HOLDING AG | : | |

**MEMORANDUM**

Ludwig, J.                                                                                           September 19, 2007

Jurisdiction is diversity in this personal injury case.  28 U.S.C. §1332.  The following relevant facts are undisputed.[1]  On May 31, 2003, plaintiff Dawn DeMarino sustained injuries to her back when she was "removing a carrier/container from an overhead galley" on a U.S. Airways aircraft in Philadelphia.  Complaint, ¶ 8.  The container was labeled styrofoam cups, but contained heavy silverware instead.  Id., ¶¶ 7, 9.  The improperly marked container was loaded onto the aircraft in Germany by LSG Sky Chefs Deutschland GmbH.  Deposition testimony of Dr. Klaus Engelen, at 123.  Deutschland is a wholly owned subsidiary of defendant, LSG Lufthansa Service Holding AG.  Affidavit of Thomas Nagel, ¶¶ 6, 7. [2]  Lufthansa is a holding company, and does not conduct catering services, including loading containers onto aircraft.  Id., ¶ 3.

Based on the foregoing, plaintiff commenced two separate negligence actions in the Philadelphia Court of Common Pleas against Sky Chefs, Inc. d/b/a LSG Sky Chefs and Lufthansa.

---

[1] The facts are drawn from the pleadings, responses to discovery requests, and the deposition testimony and affidavits of plaintiff and of key employees of Lufthansa.

[2] Deutschland is not a party in this action.  Deutschland is a sister company of the originally named defendant, Sky Chefs, Inc. d/b/a LSG Sky Chefs.  On March 8, 2006, judgment was entered in favor of that entity.  See infra, at 2.

The actions were removed to this court and consolidated. On March 7, 2006, summary judgment was granted in favor of Sky Chefs, Inc. d/b/a LSG Sky Chefs based on the unrefuted evidence that Deutschland, not Sky Chefs, loaded the container.[3] March 7, 2006 Order. Lufthansa argues that judgment should be entered in its favor also, because as a mere holding company, it cannot be held liable for the negligence of its subsidiary.[4] Plaintiff argues that Lufthansa's own negligence, through the action and inaction of its risk management committee, provides a basis for imposition of liability.

Lufthansa has implemented a risk management program, as it is required to do under German law, §91 subseq. 2 Aktiengetz (Stock Certificate Act). Affidavit of Dr. Klaus Engelen, ¶ 4. The focus of the risk management committee is to identify risks that "endanger the continued existence of the corporation." Deposition of Dr. Klaus Engelen, at 52-53, 107-08, 148-50; Deposition of Klaus Joerg-Ames, at 98-100. The purpose of the risk management program is to protect shareholders of Lufthansa.[5] It is not its purpose to identify risks to individuals such as

---

[3] Sky Chefs is also a wholly-owned subsidiary of Lufthansa. Deutschland and Sky Chefs "are sisters of a joint mother, Holding." Deposition testimony of Dr. Klaus Engelen, at 76-79.

[4] "It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." Parkinson v. Guidant Corporation, 315 F. Supp. 741, 745 (W.D. Pa. 2004), quoting United States v. Bestfoods, 524 U.S. 51, 61 (1998). Pearson v. Component Tech. Corp, 247 F.3d 471, 484 (3d Cir. 2001) (mere ownership is not sufficient for a finding of liability against a parent company).

[5] Mr. Ames testified as follows: "Our risk management is driven by German law contract, which means we have to show to the public, the shareholders, the people who own shares in Lufthansa or in the public owned company, we have to show them if there is any risk to the company. We are not responsible for operation things. It is just strategic things which it is doing here." Deposition of Klaus Joerg-Ames, at 140-41 and 144.

plaintiff. Injuries to individuals are the province of Lufthansa's insurance program.[6]

Plaintiff posits that the risk management committee was sufficiently involved in the operations of Lufthansa's subsidiaries that a breakdown - such as the improperly loaded container that caused plaintiff's injury - is attributable to the committee's negligence as well as Deutschland's. Plaintiff points to "risk maps"[7] produced by Lufthansa as evidence of the committee's involvement in and supervision of the operations of its subsidiaries, including Deutschland. Deposition of Klaus Joerg-Ames, Exhibits "7," "8," and "9." One of the categories identified in the risk maps was "Hygiene/Quality," which included a sub-category "damages of persons." Id. According to the maps, Lufthansa's Global Board Committee was responsible for risk management reporting in this area, with risks reportable to Lufthansa's Hygiene Institute. Id. The risk maps suggest the need for "monthly world wide spot check-like quality control of in-flight loading," to be implemented by Lufthansa's Global/Regional Board, its risk management committee, and the Operations Manager of its Hygiene Institute. Id. According to plaintiff, the

---

[6] The relevant testimony is as follows:

Q: Now, when somebody gets hurt, you said human beings, individuals, people get hurt, is that risk reported to Lufthansa Holding?

A: Normally not, normally not.

Q: When you say "normally not," what is normal?

A: If it's covered by insurance, there's no risk in the sense of risk management here. If it's not covered, which I can't believe because we have insurance for everything and all things . . .

Deposition of Klaus Joerg-Ames, at 145-46.

[7] The "risk maps" were developed and reviewed by Lufthansa to identify and correct various categories of risk encountered by it subsidiaries.

"risk maps" clearly contemplate operational risks such as catering and loading activity, and, therefore, the committee is responsible for the failure to prevent plaintiff's injury. Plaintiff's memorandum at 17-20.

However, plaintiff's interpretation of the "risk maps" is directly refuted by the testimony of Mr. Ames. Addressing the "Hygiene/Quality" category of risk to which plaintiff refers, Mr. Ames testified that "damages of persons" in the context of Lufthansa's risk management program means, for example, poisoning of passengers and bad quality of food - issues that will cause Lufthansa to lose customers and, in turn, endanger the existence of the company. Deposition of Klaus Joerg-Ames, at 182 and 184.

Here, the evidence is clear that Lufthansa's risk management committee was established as required by German law to consider risks on a global level, not an individual level. The committee functioned on a global level and did not create, monitor or implement policies at a level that would create liability for plaintiff's injuries. Because Lufthansa cannot be held vicariously liable for the conduct of its subsidiary, summary judgment must be entered in favor of Lufthansa and against plaintiff.[8]

BY THE COURT:

 /s/ Edmund V. Ludwig  
Edmund V. Ludwig, J.

---

[8] "Summary judgment is appropriate only where, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue as to any material fact and that [sic] the moving party is entitled to judgment as a matter of law." Ruehl v. Viacom, Inc., – F.3d –, –, 2007 WL 2555244, at *2 n.6, quoting Lexington Ins. Co. v. Western Pa. Hosp., 423 F.3d 318, 322 n. 2 (3d Cir. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN DeMARINO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-2457 |
| SKY CHEFS, INC. d/b/a LSG SKY CHEFS | : | |
| and | : | |
| LSG LUFTHANSA SERVICE HOLDING AG | : | |

## **ORDER**

AND NOW, this 19th day of September, 2007, "Defendant's, LSG Lufthansa Holding AG, Motion for Summary Judgment" is granted. Judgment is entered in favor of defendant and against plaintiff. A memorandum accompanies this order.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.